**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2803-WJM

GARRETT C. RUCKDESCHEL,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER REMANDING CASE TO COMMISSIONER**

    This social security benefits appeal is before the Court under 42 U.S.C. § 405(g). Plaintiff Garrett Ruckdeschel ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

    For the reasons set forth below, the ALJ's decision denying Plaintiff's application for Social Security disability benefits is VACATED and the case is REMANDED to the Commissioner for additional proceedings.

## I. BACKGROUND

    Plaintiff was born on August 19, 1978 and was 31 years old on the alleged disability onset date. (Admin. Record ("R.") (ECF No. 14) at 23.) Plaintiff has a high school education and has past relevant work experience as a plumber helper, plumber,

and a cook.  (*Id.*)  Plaintiff filed an application for a period of disability and disability insurance benefits on February 8, 2012, alleging that he had been disabled since March 16, 2010 due to a back injury.  (R. 86.)  Plaintiff's application was initially denied on July 31, 2012.  (*Id.*)

After requesting a hearing, Plaintiff's claims were heard by Administrative Law Judge ("ALJ") Jennifer B. Millington on July 17, 2013.  (R. 10.)  Plaintiff was represented by counsel at the administrative hearing, and testified on his own behalf.  (*Id.*)  Elizabeth Ruckdeschel, Plaintiff's wife, and vocational expert Nora Dunne also testified.  (*Id.*)

On July 26, 2013, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 16, 2010.  (R. 12.)  At step two, she found that Plaintiff suffered from degenerative disc disease of the lumbar spine, spondyliasthesis—status post spinal fusion, and stenosis, which were severe impairments.  (*Id.*)  The ALJ did not find Plaintiff's prior alcohol abuse, anxiety disorder, or other mental health issues to be severe impairments.  (R. 13.)  At step three, the ALJ found that Plaintiff's back issues, while severe impairments, did not meet any of the impairments or combination of impairments listed in the social security regulations.  (R. 14.)  The ALJ assessed Plaintiff's residual functional capacity ("RFC"),

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

finding that he had the RFC to perform "light" work as defined by the regulations, except that he could only occasionally climb, balance, stoop, kneel, crouch, and crawl. (R. 14.) Given this RFC, at step four the ALJ found that Plaintiff could not perform his past relevant work as a plumber or cook, because such work would require him to perform activities that were restricted by his RFC. (R. 23.) At step five, the ALJ found that Plaintiff could work as a cashier, furniture retail clerk, or storage rental facility clerk, and that there are a significant number of jobs in these fields in the national economy. (*Id.*) Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and therefore was not entitled to benefits. (R. 24.)

The Appeals Council denied Plaintiff's request for review on December 9, 2013. (R. 1.) Thus, the ALJ's July 26, 2013 decision is the final administrative action for purposes of review.

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if

the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. ANALYSIS

On appeal, Plaintiff raises six issues: (1) that the ALJ erred at step two by not finding Plaintiff's chronic pain syndrome to be a severe impairment; (2) that the ALJ erred at step three by finding that Plaintiff's severe impairments did not meet or medically equal the listings; (3) that the ALJ failed to properly develop the medical record; (4) that the ALJ improperly weighed the medical evidence, particularly the opinions of Plaintiff's treating physician; (5) that the ALJ improperly judged Plaintiff's credibility; and (6) there is not substantial evidence to support the ALJ's finding at step five. (ECF No. 17.) Because the Court concludes that the ALJ's analysis at step three was deficient, and that this requires remand, it will address only this issue.

At step three, an ALJ is required to consider whether a claimant has an impairment that meets or equals any listing found at 20 C.F.R. § 404, Subpart P, Appendix 1 ("Listing"). If a claimant has such an impairment, he is deemed disabled and no further analysis is required. *See* 20 C.F.R. § 404.1520(a)(4)(iii); (d). A claimant's impairment "meets" a Listing if such impairment matches all of the specified criteria in one of the Listings. 20 C.F.R. § 404.1525(c)(3). However, under step three, a finding of disability is also required if a claimant's impairment, or combination of impairments, medically "equals" a Listing. 20 C.F.R. § 404.1526(a). An impairment "equals" a Listing where the impairments "is at least equal in severity and duration to the criteria of any listed impairment." *Id.*

The ALJ's step three analysis was limited to the following:

> While the claimant has "severe" impairments within the meaning of the Social Security Act and the Regulations, the undersigned concludes, based on a review of the entire record, that the claimant's physical impairments, either individually or collectively, do not meet or equal a listing. The medical records indicate that no State agency physicians or consultative examiner concluded that the claimant's impairments meet or equal a listing. In addition, no treating or examining physician suggested that the claimant's impairments meet or equal a listing.
>
> In reaching this finding, the undersigned has considered all relevant listings, including, but not limited to Listing 1.04 *Disorders of the Spine*.

(R. 14.)

An ALJ is required "to discuss the evidence and explain why [s]he found that [a claimant] was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1997). In the absence of ALJ findings supported by specific weighing of the evidence, the reviewing court "cannot assess whether relevant evidence adequately supports the ALJ's conclusion that the appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion." *Id*.

In this case, the ALJ failed to discuss any evidence at step three or even outline the requirements for the relevant Listings. Such cursory discussion does not allow the Court to review whether the ALJ properly determined that Plaintiff's severe impairments do not meet or medically equal any of the Listings. As such, the Court concludes that the ALJ's step three analysis was so deficient that remand is required. *See Dye v. Barnhart*, 180 F. App'x 27, 29 (10th Cir. 2006) (finding similar conclusory statement that

the claimant's impairment did not meet the Listing to be error which required remand).

Because this error alone requires remand, the Court need not address the other arguments raised by Plaintiff.  See *Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").  The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered.  The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties as well as the ALJ to consider the evidence and the issues anew.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is VACATED and this case is REMANDED to the Commissioner for rehearing.

Dated this 12th day of January, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge