**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2803-WJM

GARRETT C. RUCKDESCHEL,

     Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

     Defendant.

---

## ORDER GRANTING MOTION FOR ATTORNEYS' FEES

---

On October 14, 2013, Plaintiff Garrett C. Ruckdeschel ("Plaintiff") initiated this action against Defendant Carolyn Colvin ("Defendant") challenging the ALJ's denial of Plaintiff's application for disability insurance benefits.  (ECF No. 1.)  The Court vacated the ALJ's decision and remanded this matter to the Commissioner of Social Security for rehearing.  (ECF No. 27.)  On April 7, 2015, Plaintiff filed a Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion"), which is now before the Court.  (ECF No. 29.)  For the reasons set forth below, the Motion is granted, although the Court declines to award the entire amount of fees requested.

### I.  LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ."  28 U.S.C. § 2412(d)(1)(A).  "The

Government bears the burden of showing that its position was substantially justified. . . .
The test for substantial justification in this circuit is one of reasonableness in law and
fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II.  ANALYSIS

### A.      Entitlement to Fees

Plaintiff based his disability application largely on back and spine ailments.  (*See*
ECF No. 27 at 2.)  At step three of the familiar five-step disability evaluation process,
the ALJ concluded that Plaintiff's spine-related impairments were severe but did not
meet or medically equal any of the impairments or combination of impairments listed in
Social Security regulations.  (*Id.*)  The ALJ explained this conclusion as follows:

> The medical records indicate that no State agency
> physicians or consultative examiner concluded that the
> claimant's impairments meet or equal a listing.  In addition,
> no treating or examining physician suggested that the
> claimant's impairments meet or equal a listing.
>
> In reaching this finding, the undersigned has considered all
> relevant listings, including, but not limited to Listing 1.04
> *Disorders of the Spine*.

(Admin. Record (ECF No. 14) at 14.)

Challenging this conclusion on appeal, Plaintiff supplied a detailed summary of
the medical evidence in the record discussing the conditions described in Listing 1.04.
(ECF No. 17 at 13–29.)  Given this extensive amount of arguably supporting evidence,
and given the Tenth Circuit's holding in *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.
1996), that "the ALJ was required to discuss the evidence and explain why he found
that appellant was not disabled at step three," the Court found that the ALJ's no-

disability finding at step three was insufficiently supported.  (ECF No. 27 at 5.)  The

Court therefore vacated the ALJ's decision and remanded for further proceedings.

(*Id.* at 5.)

In the present Motion, Plaintiff argues that the ALJ's decision at step three was

not substantially justified.  (ECF No. 29 at 2–3.)  Defendant responds by referencing its

response brief on the merits, where it argued that any error at step three was harmless

in light of *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005), in which the

Tenth Circuit held that *Clifton* errors are not automatically reversible and can indeed be

harmless.  (ECF No. 30 at 4–5 (citing ECF No. 22 at 16).)

Defendant is correct, in light of *Fischer-Ross*, that she will sometimes be

substantially justified in invoking the harmless error standard to defend an ALJ's failure

to adequately support a conclusion at step three.  However, "once an EAJA application

is filed, the government is on notice . . . that it must justify *both* its position in any

underlying administrative proceedings *and* its position in any subsequent district court

litigation."  *Hackett v. Barnhart*, 475 F.3d 1166, 1170 (10th Cir. 2007) (emphasis

added).  Defendant only defends her position on appeal, not the ALJ's underlying

position.  Accordingly, the Court deems Defendant to have conceded that the ALJ's

underlying position was not substantially justified.  The Court will therefore award fees

to Plaintiff.

## B.     Amount of Fees

Plaintiff's counsel claims a total of 45.75 hours.  (ECF No. 29 at 3.)  Defendant

claims that this amount of time is unreasonable given this Court's conclusion that 20 to

40 hours is usually sufficient for a Social Security appeal.  *See Medina v. Astrue*, 2010

WL 1254835, at \*3 (D. Colo. Mar. 26, 2010).  Nonetheless, even higher total hours

figures have been accepted.  *See id*. (citing cases).

Considering that this appeal did not raise particularly complicated or novel

questions, the Court believes that 45.75 hours is somewhat excessive, but that 40

hours would be appropriate in light of counsel's need to synthesize an unusually

extensive medical history as support for Plaintiff's step three argument.

The next question is the hourly rate.  Plaintiff originally requested a rate of

$203.75 applied to all hours billed, regardless of the year in which they were billed.

(ECF No. 29 at 3.)  As Defendant pointed out, however, Plaintiff miscalculated the

allowable hourly rates, which can vary from year to year.  (ECF No. 30 at 7–8.)  In his

reply brief, Plaintiff "does not object to the calculation formula that Defendant suggests."

Accordingly, the Court accepts Defendant's position that the 2013 hourly rate is

$187.04, the 2014 hourly rate is $190.53, and the 2015 hourly rate is $190.16.  (ECF

No. 30 at 8.)  The Court will subtract the excessive 5.75 hours from the 41.75 hours

specifically billed in 2014, leading to the following calculation:

> 2013: 3.0 hours x $187.04 = $561.12.
>
> 2014: 36.0 hours x $190.53 = $6,859.08
>
> 2015: 0.6 hours x $190.16 = $114.10
>
> TOTAL: $7,534.30

The Court also determines that it is appropriate to award Plaintiff fees for the 3

hours spent drafting the reply brief in this matter.  (ECF No. 31 at 10.)  *See*

*Commissioner v. Jean*, 496 U.S. 154 (1990) (holding that fees awarded under EAJA

may include the fees incurred in litigating the fee dispute itself); *Brodeur v. Astrue*, 2010 WL 4038611 (D. Colo. Oct. 14, 2010) (awarding claimant's entire fee request, including fees based on time spent in connection with an EAJA reply brief).  At the 2015 rate, those 3 hours amount to $570.48.  Thus, the total fee award will be $8,104.78.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 29) is GRANTED; and

2.    Defendant shall pay to Plaintiff $8,104.78, deliverable to Plaintiff's attorney within thirty days of the date of this Order.

Dated this 20th day of August, 2015.

BY THE COURT:

William J. Martinez
United States District Judge